2011 UT App 211

STATE of Utah, Plaintiff and Appellee,

v.

David S. NIELSEN, Defendant and Appellant.

No. 20100687–CA.

Court of Appeals of Utah.

June 30, 2011.

C. Robert Collins, Phoenix, AZ, for Appellant.

Brandon J. Maynard and Stephen R. Hadfield, Brigham City, for Appellee.

Before Judges DAVIS, McHUGH, and ROTH.

## DECISION

PER CURIAM:

¶1 David S. Nielsen appeals the trial court's order denying his motion to withdraw his guilty pleas in two cases. We affirm.

¶2 Nielsen asserts that the trial court erred in denying his motion to withdraw his guilty pleas because they were not voluntarily made. The denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. *See State v. Beckstead*, 2006 UT 42, ¶7, 140 P.3d 1288. A trial court's findings of fact made in connection with its ruling are reviewed under the clearly erroneous standard. *See id.*

¶3 Nielsen argues that his pleas were not voluntary because his mental illness precluded him from making such a decision. His claim fails, however, for both factual and procedural reasons. First, although he asserts that his mental illness renders him prone to give in to others' influence, the trial court made several factual findings that support the conclusion that Nielsen's pleas were voluntarily made. The trial court held a two-day evidentiary hearing on Nielsen's motion. At the hearing, Nielsen's therapist stated that Nielsen was not in a manic phase at the

time of the plea hearing or in the weeks after. Nielsen's own testimony was that after a two-hour meeting with his attorneys the evening prior to the plea hearing, he still had not decided whether to plead guilty. The trial court also reviewed the recording from the plea hearing and noted that Nielsen did not hesitate in answering questions, did not appear confused in any way, and interjected to correct a factual statement made by the prosecutor. Based on these and other factual findings, the trial court determined that Nielsen's pleas were voluntary and his actions did not indicate someone overcome by pressure. Given the factual support, we see no abuse of discretion in denying Nielsen's motion to withdraw his pleas.

¶ 4 In addition, Nielsen has failed to provide an adequate record to enable us to review any challenge to the trial court's findings. Although the record includes a transcript from the first day of the evidentiary hearing, at which Nielsen testified, there is no transcript from the second day of the hearing,[1] where much of the testimony supporting the trial court's findings was given. An appellant has the burden to provide an adequate record for review. *See* Utah R.App. P. 11(e)(2); *State v. Penman*, 964 P.2d 1157, 1162 (Utah Ct.App.1998). When an appellant fails to provide an adequate record for review, appellate courts will presume the regularity of the proceedings below. *See State v. Pritchett*, 2003 UT 24 ¶ 13, 69 P.3d 1278. The trial court relied on key testimony from the second day of the evidentiary hearing. Absent a transcript of that day's hearing, this court cannot review the adequacy of the trial court's findings or the ultimate decision to deny Nielsen's motion.

¶ 5 Nielsen also alludes to an issue of whether he was improperly denied counsel of his choice and, in his reply brief, implies a due process issue. However, these matters were not stated as specific issues nor were they briefed. Under appellate briefing rules, a brief must include a statement of the issues presented for review. *See* Utah R.App. P. 24(a)(5). Here, Nielsen stated a single issue

of whether the trial court abused its discretion in denying his motion to withdraw his pleas. He presented no issues for review regarding representation or other due process issues. Furthermore, to be adequate, a brief must include an argument with the contentions and reasons of the appellant regarding the issues raised, including record and legal citations and developed argument. *See id.* R. 24(a)(9). The brief contains no argument setting out any reason that Nielsen's representation was inappropriate, nor any reference to the matter outside of the summary of argument and the conclusion. Similarly, no specific due process issue was raised or briefed. This court will not address issues that are inadequately briefed. *See State v. Thomas*, 961 P.2d 299 (Utah 1998).

¶ 6 Overall, Nielsen has not shown that the trial court abused its discretion in denying his motion to withdraw his guilty pleas.

¶ 7 Affirmed.

---

1. We note that the State's brief addenda includes select pages from the July 1, 2011 hearing. However, these pages do not appear to be in the actual record on appeal, and no official transcript was filed for that day.